Anthony Joseph BATOR, Plaintiff—Appellant,

v.

Adrian FREUND; et al., Defendants—Appellees.

No. 03–16379.

D.C. No. CV–03–00247–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Anthony Joseph Bator, pro se, Reno, NV, for Plaintiff–Appellant.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM**

Anthony Joseph Bator appeals pro se the district court's order denying reconsideration of its dismissal of his petition seeking a temporary injunction against a pending state criminal proceeding involving a citation by Washoe County authorities for agricultural activity on private property. Bator alleged that the district court had federal jurisdiction because the underlying claim involved the denial of Bator's planned use of his property. The district court determined that because the state criminal action is ongoing, the district court would abstain under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

We review de novo a district court's decision to abstain pursuant to *Younger. Green v. City of Tucson,* 255 F.3d 1086, 1093 (9th Cir.2001) (en banc). When a plaintiff seeks relief in federal court that would interfere with an ongoing state judicial proceeding, the federal action must be dismissed pursuant to *Younger* if the state proceeding: (1) is ongoing, (2) implicates important state interests, and (3) provides the plaintiff an adequate opportunity to litigate its federal claims. *Columbia Basin Apartment Ass'n v. City of Pasco,* 268 F.3d 791, 799 (9th Cir.2001). We agree with the district court that Bator's suit

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

meets these requirements and affirm for the reasons stated by the district court in its Order filed May 13, 2003.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.